UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No. _____

Gary Reed and Tom Vevea as Trustees of the Minnesota Laborers Health and Welfare Fund and the Minnesota Laborers Pension Fund, James Brady and Keith Kramer as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

**COMPLAINT**

    Plaintiffs,

vs.

A & A Stanley Construction, Inc.,

    Defendant.

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.     Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant A & A Stanley Construction, Inc. ("A & A Stanley Construction") is a Minnesota business corporation with a registered address of 701 Cole Avenue, P.O. Box 186, Coleraine, Minnesota 55722. A & A Stanley Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

6. The Funds re-allege incorporate by reference paragraphs 1-5 herein.

7. The A & A Stanley Construction accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Northern Minnesota Contractors Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions with a term of June 1, 2009 through April 30, 2011 ("Collective Bargaining Agreement").

8. A & A Stanley Construction continues to be bound to the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement provides that A & A Stanley Construction is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The Collective Bargaining Agreement requires A & A Stanley Construction to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires A & A Stanley Construction to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with A & A Stanley Construction' monthly payment to the Funds.

12. The Collective Bargaining Agreement states that A & A Stanley Construction shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires A & A Stanley Construction to promptly furnish to the Trustees of the Funds or their authorized agents on demand, a complete set of all relevant employment and payroll records, including but not limited to federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state-required quarterly reports, time cards, payroll and check registers.

14. The Collective Bargaining Agreement further requires A & A Stanley Construction to promptly furnish to the Trustees of the Funds or their authorized agents on demand any other relevant information that may be required in connection with the administration of the Funds.

15. The Collective Bargaining Agreement states that if A & A Stanley Construction fails or refuses to furnish any of its records to the Trustees of the Funds or their authorized agents upon demand or refuses to afford he Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees,

and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by A & A Stanley Construction.

16. The Collective Bargaining Agreement requires A & A Stanley Construction to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether A & A Stanley Construction is accurately reporting hours to the Funds. If A & A Stanley Construction fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, A & A Stanley Construction is liable for all of the hours worked by that individual for whom A & A Stanley Construction is unable to produce satisfactory records verifying the type of work being performed by that individual.

17. The Collective Bargaining Agreement states that if A & A Stanley Construction becomes delinquent, A & A Stanley Construction shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18. The Collective Bargaining Agreement states that if A & A Stanley Construction becomes delinquent, A & A Stanley Construction shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

19. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. The Funds' authorized agent requested that A & A Stanley Construction produce a complete set of its payroll and employment records for the period of October 1, 2009 through December 31, 2010 ("Audit Period").

22. A & A Stanley Construction produced payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by A & A Stanley Construction' employees covered by the Collective Bargaining Agreement for which A & A Stanley Construction did not submit contributions to the Funds.

23. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $84,876.67 is due and owing for delinquent contributions.

24. A & A Stanley Construction breached the terms of the Collective Bargaining Agreements by failing to pay the amounts due for delinquent contributions for the Audit Period.

## COUNT II
## ERISA DAMAGES

25. The Funds re-allege incorporate by reference paragraphs 1-24 herein.

26. The A & A Stanley Construction is liable to the Funds for liquidated damages in the amount of $8,487.67 for the Audit Period pursuant to the Collective Bargaining Agreement.

27. The Funds are entitled to liquidated damages or double interest charges under ERISA § 502(g), 29 U.S.C. § 1132(g).

28. A & A Stanley Construction is liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action pursuant to the Collective Bargaining Agreement.

29. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

30. A & A Stanley Construction is liable to the Funds for interest charges the unpaid contributions for the Audit Period pursuant to the Collective Bargaining Agreement.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant A & A Stanley Construction, Inc., as follows:

1. For judgment against the Defendant and in favor of the Plaintiffs in the amount of $84,876.67 for delinquent contributions due and owing for the Audit Period.

2. For an award of liquidated damages or double interest charges.

3. For an award of interest charges on all unpaid contributions if liquidated damages are awarded.

4. For an award of costs, disbursements and attorneys' fees according to law.

5.    Such other and future relief as the Court deems just, equitable or proper.

Date: April 5, 2012

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By: /s/ Amy Court
Carl S. Wosmek #300731
Amy L. Court #319004
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525

*Attorney for Plaintiffs*

585281.DOCX