UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Reed and Tom Vevea, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Gary Reed, as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Dan Olson and Chris Born, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors,<br><br>   Plaintiffs,<br><br>vs.<br><br>A & A Stanley Construction, Inc.,<br><br>   Defendant. | Case No: 12-CV-869 (MJD/LIB)<br><br><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN <u>ORDER TO SHOW CAUSE</u>** |

## <u>SYNOPSIS</u>

The Defendant, A & A Stanley Construction, Inc. ("A & A Stanley") continues to refuse to produce responses to Plaintiffs' Interrogatories and Requests for the Production of Documents in Aid of Execution despite this Court's Order to do so. Accordingly, the Plaintiffs seek an Order requiring Aaron Stanley ("Stanley"), A & A Stanley's owner, to appear in person to show cause, if any, as to why an Order should not be entered adjudging A & A Stanley and Stanley guilty of failing and refusing to obey the Order issued by the Court, and

1

further, why Stanley should not be committed to confinement until compliance with said Order.

## STATEMENT OF FACTS

On October 31, 2012, this Court issued an Order Compelling Post-Judgment Discovery Responses ("Order") which provided in relevant part:

> Defendant is hereby ORDERED to produce documents responsive to Plaintiffs' request within fifteen (15) days of the date of service of this Order.

Affidavit of Christy E. Lawrie ("Lawrie Aff.") at ¶ 2, (Court Docket No. 28).  A & A Stanley, by and through its owner and authorized agent Stanley, was personally served with the Order on November 14, 2012.  *Id.* at ¶ 3, (Court Docket No. 29).  More than fifteen days have passed since A & A Stanley was served with the Order, and to date A & A Stanley has failed to provide responses to the Plaintiffs' Interrogatories and Requests for the Production of Documents in Aid of Execution.  *Id.* at ¶ 4.  Moreover, at no time has A & A Stanley alleged an inability to comply with the Order.  *Id.* at ¶ 5.

Stanley represents himself as the owner of A & A Stanley.  *Id.* at ¶ 6, Affidavit of Service (Court Docket Nos. 26, 29).  As such, the Plaintiffs reasonably believe that Stanley has custody and control over the information and documents specified in the Order.  *Id.* at ¶ 7.  Accordingly, the Plaintiffs seek to have the requested Order to Show Cause directed at Stanley.

## ANALYSIS

I.  CIVIL CONTEMPT SANCTIONS IN THE FORM OF STANLEY'S INCARCERATION IS THE APPROPRIATE REMEDY FOR A & A STANLEY'S AND STANLEY'S NON-COMPLIANCE WITH THE COURT'S ORDER.

The United States Supreme Court has stated, "it is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123 (1991) (internal punctuation and citation omitted).  "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n. 56 (1947)).  Civil contempt sanctions may be employed to coerce compliance with a court order. *Id.* (*citing United Mine Workers*, 330 U.S. at 303-04).  "Either incarceration or a fine may accomplish the purpose of coercion...." *Id.*  Civil contempt proceedings may be employed in an ERISA case such as this one to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. *Chicago Truck Drivers*, 207 F.3d at 504-05.  Either incarceration or a fine may accomplish the purpose of coercion. *Id.*

A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the contemnors violated a court order. *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998).  At that

3

point, the burden shifts to the contemnors to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548 (1983). The contemnors must do more than assert a present inability to comply to avoid a civil contempt finding. *Chicago Truck Drivers*, 207 F.3d at 506. Rather, the alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply. *Id*.

In this case, the Trustees have submitted sworn testimony that A & A Stanley was properly served with the Order, that A & A Stanley has never alleged an inability to comply with the Order, and that A & A Stanley has failed to provide answers to Plaintiffs' Interrogatories in Aid of Execution and produce documents responsive to Plaintiffs' Request for the Production of Documents in Aid of Execution. Lawrie Aff. at ¶¶ 2-5. A & A Stanley's and Stanley's failure to comply with this Court's Order has adversely affected the Trustees' ability to collect on their judgment. *Id*. at ¶ 8. Further, given that A & A Stanley has not submitted any voluntary payments on the judgment, the assessment of a civil fine is unlikely to coerce A & A Stanley to comply with the Order. *Id.* at ¶ 9. Accordingly, incarceration is the more appropriate sanction for A & A Stanley's and Stanley's civil contempt.

## II. THE CIVIL CONTEMPT SANCTION SHOULD BE DIRECTED AT STANLEY.

The Trustees seek to have the civil contempt sanction of incarceration directed at Stanley. It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it. *See Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 325, 24 S. Ct. 665 (1904) (a person, "not a party to the suit, [may be] guilty of contempt for violation of an order of that court, made in such suit, and imposing a fine for such contempt."); *Wilson v. United States*, 221 U.S. 361, 376 (1911)(a command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs and if these persons prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt); *Chicago Truck Drivers*, 207 F.3d at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); *Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co.*, 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant).

Here, Stanley represents himself as the owner of A & A Stanley. Affidavit of Service (Court Docket Nos. 26, 29). As a result, Stanley is an individual who has the responsibility to ensure A & A Stanley's compliance with this Court's Order. Accordingly, the civil contempt sanction of incarceration should be directed at Stanley.

## **CONCLUSION**

Based on the foregoing, the Fund respectfully requests its Motion for an Order to Show Cause be granted in its entirety.

Dated: December 12, 2012         McGRANN SHEA CARNIVAL STRAUGHN
                                                                 & LAMB, CHARTERED

                                                                 By   s/ Christy E. Lawrie
                                                                           Carl S. Wosmek (Atty. No. 300731)
                                                                           Amy L. Court (Atty. No. 319004)
                                                                           Christy E. Lawrie (Atty. No. 388832)
                                                               800 Nicollet Mall, Suite 2600
                                                               Minneapolis, MN  55402
                                                               Telephone:  (612) 338-2525

                                                               *Attorneys for Plaintiffs*

644363.DOCX