UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Gary Reed et al.,                           Civil No. 12-869 (MJD/LIB)
         Plaintiffs,

v.                                               **REPORT AND RECOMMENDATION**

A&A Stanley Construction, Inc.,
         Defendant,

_____

      This matter came before the Court upon Plaintiffs' Motion for an Order to Show Cause, [Docket No. 30], and upon the Court's Order to Show Cause, [Docket No. 35], and Amended Order to Show Cause. [Docket No. 37]. A hearing on the Motion was held on January 10, 2013. At that time, the matter was stayed and held in abeyance, in order that Defendant A&A Stanley Construction, Inc., and its owner, Aaron Stanley, be given one final opportunity to comply with post-judgment discovery requests made by Plaintiffs Gary Reed et al. (Order of January 14, 2013 [Docket No. 41]). For the reasons discussed below, the Court lifts the stay, and upon the written and oral arguments before the Court, recommends that Defendant be found in contempt and that Aaron Stanley be arrested immediately by the United State Marshal and detained until he purges the contempt by complying with the Court's Order compelling post-judgment discovery (Order of October 31, 2012 [Docket No. 28].

**I.     BACKGROUND**

      Plaintiffs brought this suit under the Employee Retirement Income Security Act alleging that A&A Stanley Construction, Inc. (Defendant), failed to properly make benefit contribution payments. (See generally Compl. [Docket No. 1]). Defendant failed to respond to the

1

Complaint. (Order Entry J. [Docket No. 17] at 2, ¶ 3). On July 13, 2012, Chief Judge Davis granted a motion for default judgment in the amount of $108,805.95 against Defendant, including the amount of the underpayment ($84,876.67), double interest ($22,584.88), and attorneys' fees and costs ($1,344.40). (Id. at 8, ¶ 2; 7-8, ¶¶ 2, 5-6). Judgment was entered accordingly. (J. [Docket No. 18]). However, Defendant has not satisfied the judgment, either in full or in part. (Aff. Lawrie [Docket No. 24] at 2, ¶ 3). On August 7, 2012, Plaintiffs served upon Defendant Interrogatories in Aid of Execution and Requests for Production of Documents in Aid of Execution. (See Aff. Lawrie, Exs. A-B (Docket Nos. 24-1, 24-2]). Upon receiving no response, Plaintiffs sent Defendant a meet-and-confer request, stating that Plaintiffs would file a Motion to Compel if they did not have a response by September 21, 2012. (Aff. Lawrie, Ex. C [Docket No. 24-3]). Defendant still made no response. (Aff. Lawrie [Docket No. 24] at 2, ¶ 8).

Plaintiffs filed their Motion to Compel Post-Judgment Discovery, [Docket No. 20], and the Court heard argument on the motion on October 30, 2012. Defendant again failed to appear, and the motion was granted. (Minute Entry [Docket No. 27]). The Court's Order of October 31, 2012, required that Defendant respond to Plaintiffs' interrogatory and document requests within fifteen (15) days after being served with the Order. [Docket No. 28]. That Order was personally served upon Aaron Stanley (Mr. Stanley), as owner of Defendant, on November 14, 2012. (Aff. Service [Docket No. 29]). Defendant has neither responded to Plaintiffs' interrogatory and document requests nor attempted to show that it is unable to comply. (Aff. Lawrie [Docket No. 32], at 2, ¶¶ 4-5).

Plaintiffs then made a Motion for an Order to Show Cause, [Docket No. 32], which was served upon Defendant both by U.S. Mail and personally. (Certificate Service by U.S. Mail [Docket No. 33]; Aff. Service [Docket No. 36]). The Court ordered that Defendant and Mr.

Stanley personally appear at a show-cause hearing to be held on January 10, 2013. (Order Show Cause [Docket No. 35]; Am. Order Show Cause [Docket No. 37]).[1] The Court's Amended Order to Show Cause was served upon Defendant both by U.S. mail and personally. (Aff. Service (U.S. Mail) [Docket No. 38]; Aff. Service (personal) [Docket No. 39]). Defendant made no written response to Plaintiffs' Motion for Order to Show Cause. The Court held the show-cause hearing as scheduled on January 10, 2013. During the hearing Plaintiffs' counsel represented to the Court that Mr. Stanley on behalf of Defendant had, for the first time, made contact via telephone with Plaintiffs' counsel on January 9, 2013. Plaintiffs' counsel represented that she informed Mr. Stanley of the nature of the January 10, 2013, hearing and agreed to provide him with additional copies of Plaintiffs' interrogatory and document requests. Plaintiffs' counsel also represented that Mr. Stanley called again the morning of January 10, 2013, to inform her that he would not appear at the hearing. Mr. Stanley did not appear at the hearing, either in person or by counsel.

However, Plaintiffs' counsel represented to the Court at the hearing that Plaintiffs' goal is not primarily to incarcerate the Defendant's owner, Mr. Stanley, but rather to obtain Defendant's compliance with this Court's post-judgment discovery Order and with the collection of the Judgment entered against Defendant. Accordingly, the Court offered Defendant one final chance to comply with the Court's Order Compelling Post-Judgment Discovery. (Order of October 31, 2012 [Docket No. 28]). The Court stayed and held in abeyance Plaintiff's Motion for an Order to Show Cause as to whether Defendant and its owner, Mr. Stanley, should be held in contempt of Court. The Court instructed Plaintiffs to serve Defendant with the Court's Order of January

---

[1] The Amended Order did not change the date of the hearing, but changed only the time of the hearing, from 3:30 p.m. in the initial Order, to 10:00 a.m. in the Amended Order. (Compare Order Show Cause [Docket No. 35]; Am. Order Show Cause [Docket No. 37]). Plaintiffs served Defendant via U.S. Mail with a copy of the Amended Order to Show Cause. (Aff. Service [Docket No. 38]). During the hearing on January 10, 2013, Plaintiffs' counsel represented that Defendant also was served personally with a copy of the Amended Order to Show Cause.

3

14, 2013, [Docket No. 41], and gave Defendant fourteen (14) days from the date of service to fully comply with this Court's Order of October 31, 2012. [Docket No. 28]. The Court's most recent Order made clear that any failure by Defendant to fully respond to Plaintiffs' interrogatory and document requests within the allotted period would result in the Court lifting the stay on Plaintiff's motion and the taking of that motion under advisement, without additional briefing or oral argument.[2]

## II.  DISCUSSION

This Court has the authority to hold a party in contempt. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)) (internal quotation omitted).[3]  "The court may hold a party violating a discovery order in contempt of court." Edeh v. Carruthers, Civ. No. 10-2860 (RJK/JSM), 2011 U.S. Dist. LEXIS 118210, at *6 (D. Minn. Sept. 20, 2011) (Mayeron, M.J.), adopted by 2011 U.S. Dist. Lexis 117054 (D. Minn. Oct. 11, 2011) (Kyle, J.).  That contempt power "extends to non-parties who have notice of the Court's order and the responsibility to comply with it." Chicago Truck Drivers, 207 F.3d at 507 (court's orders were binding on the

---

[2] Defendant is entitled to an opportunity to be heard on a motion that may result in Defendant being held in contempt. F.T.C. v. Neiswonger, 580 F.3d 769, 774 (8th Cir. 2009).  However, the Court already has afforded Defendant with that opportunity, and Defendant neither provided a written reply to Plaintiffs' motion, nor appeared at the show-cause hearing on January 10, 2013.  Thus, no additional opportunity to reply need be afforded.
[3] See also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("it is firmly established that the power to punish for contempt is inherent in *all courts*" (emphasis added; internal punctuation and citation omitted)).

corporation's "sole shareholder, corporate officer and agent, even though the orders made no specific reference to him").[4]

"Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Chicago Truck Drivers, 207 F.3d at 505 ("Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both."). "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). When imposing a coercive sanction, "the court has broad discretion to design a remedy that will bring about compliance." United States v. Open Access Tech. Int'l, Inc., 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (Davis, J.) (quoting Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys., 369 F.3d 645, 657 (2d Cir. 2004)). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers, 207 F.3d at 504 (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)).

Based upon the evidence in the record, the Court makes the following recommend findings of fact and conclusions of law.[5]

---

[4] See also Wilson v. United States, 221 U.S. 361, 376 (1911) (a command to a corporation is in effect a command to those who are responsible for the conduct of its affairs, and if these persons fail to take appropriate action within their power for the performance of the corporate duty they may be punished for contempt); Bessette v. W.B. Conkey Co., 194 U.S. 324, 325 (1904) (a person, "not a party to the suit, [may be] guilty of contempt for violation of an order that the court, made in such suit, and imposing a fine for such contempt").

[5] To the extent that findings of fact may be considered conclusions of law, they will be deemed conclusions of law. Similarly, to the extent that matters expressed as conclusions of law may be considered findings of fact, they will be deemed findings of fact.

A. **Proposed Findings of Fact**

The Court makes the following proposed findings of fact by clear and convincing evidence:

1. This Court's Order of October of October 31, 2012, [Docket No. 28], requiring Defendant to respond to Plaintiff's post-discovery interrogatory and document requests, is a reasonably specific court order. Defendant A&A Stanley Construction, Inc., had actual knowledge of the Court's Order of October of October 31, 2012. Despite the clear requirements of the Court's Order of October 31, 2012, Defendant has neither complied with that Order, nor demonstrated that it was unable to comply with the Order.

2. This Court's Amended Order to Show Cause, [Docket No. 37], is a reasonably specific court order. Defendant A&A Stanley Construction, Inc., and its owner, Mr. Stanley, had actual knowledge of the Court's Amended Order to Show Cause. Despite the clear requirements of the Court's Amended Order to Show Cause, Defendant and Mr. Stanley neither complied with that Order nor demonstrated their inability to comply with the Order.

3. This Court's Order of January 14, 2013, [Docket No. 41], is a reasonably specific court order. Defendant A&A Stanley Construction, Inc., and its owner, Mr. Stanley, had actual knowledge of the Court's Order of January 14, 2013. Despite the clear requirements of the Court's Order of January 14, 2013, Defendant and Mr. Stanley have neither complied with that Order nor demonstrated their inability to comply with the Order.

4. Monetary sanctions imposed by this Court have been ineffective in securing Defendant's compliance with the Court's orders.

**B. Proposed Conclusions of Law**

**1. Plaintiff has made the requisite showing for a contempt finding.**

In a civil contempt proceeding, the moving party has the burden of proving by clear and convincing evidence that the alleged contemnor has violated the Court's order. Chicago Truck Drivers, 207 F.3d at 505; United States v. Open Access Tech., 527 F. Supp. 2d at 912. "However, the moving party does not need to show that the violation of the Court's order was willful." Open Access Tech., 527 F. Supp. 2d at 912 (quoting Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (Davis, J.)).[6] In the present case, Plaintiffs have made the necessary showing.

**2. Defendant has not demonstrated an inability to comply with the Court's Orders.**

Because Plaintiffs have made the necessary showing, the burden now shifts to the Defendant to show inability to comply. Chicago Truck Drivers, 207 F.3d at 505; Open Access Tech., 527 F. Supp. 2d at 912. In the Eighth Circuit, a party claiming inability to comply must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir. 2001); see also Chicago Truck Drivers, 207 F.3d at 506; Open Access Tech., 527 F. Supp. 2d at 912. In the present case, Defendant and its owner, Mr. Stanley, have made no appearance whatsoever in regard to the Court's discovery orders or the Order to Show Cause,

---

[6] The Court does note, however, that it can only conclude the violations of this Court's Orders in the present case were indeed willful based on the record now before the Court, and given the clear prior notice to Defendant and its owner, Mr. Aaron Stanley, of their obligation to comply with this Court's Orders.

7

and have presented no evidence to establish any of the factors considered in making an inability defense.

> **3. The appropriate sanction for Defendant's contempt is to imprison its owner, Mr. Stanley, until he complies with this Court's Orders.**

When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Edeh, 2011 U.S. Dist. LEXIS 118210, at *9 (citing United Mine Workers, 330 U.S. at 303-04).

The first factor concerns the contemnor's continued defiance and the harm it causes the moving party. In the present case, the harm is monetary. As the Edeh court noted:

> Despite the judgment being entered, plaintiff has not received any payment toward that judgment. Simply put, [the defendant]'s refusal to respond to plaintiff's discovery regarding his financial situation is an obstacle to plaintiff's collection of the judgment. [The defendant] has never responded in any way to plaintiff's discovery, motions or this Court's orders. Holding [the defendant] in contempt is the only way to ensure that plaintiff obtains the post-judgment discovery to which he is entitled.

Edeh, 2011 U.S. Dist. LEXIS 118210, at *9. In this case, as in Edeh, the Defendants' continued refusal to comply with this Court's Orders necessitates a contempt finding.

The second factor concerns whether the proposed contempt sanction is appropriate. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." Chicago Truck Drivers, 207 F.3d at 505. In the present case, Plaintiffs have represented to the Court that their primary goal in bringing this motion is to coerce Defendant's compliance with the Court's judgment and orders. The Court has broad discretion to impose a sanction that will coerce a party's

compliance with court orders.  Open Access Tech., 527 F. Supp. at 913.  In the present case, where the Defendant has neither made any payment toward the judgment against him, nor made any payment toward the financial discovery sanction already imposed by the Court, the Court has no reason to believe a further monetary sanction would be effective in coercing Defendant's compliance.  Consequently, "imprisonment is the only effective sanction."  Edeh, 2011 U.S. Dist. LEXIS 118210, at *9-10.  Because Defendant, an incorporated business, cannot be imprisoned, the sanction is properly executed against Defendant's owner, Mr. Stanley.  Chicago Truck Drivers, 207 F.3d at 507 (holding in ERISA case that court's payment orders were binding on the corporation's "sole shareholder, corporate officer and agent, even though the orders made no specific reference to him"); see also fn.4, supra.

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose.  In the present case, the contemnor's financial situation is precisely the issue—many of the interrogatories and document requests Plaintiffs made seek information about Defendant's financial resources, so that Plaintiffs may execute the judgment they won against Defendant.  As to the second part of this factor, "[w]hile the sanction of imprisonment is undoubtedly burdensome for any civil contemnor, in this case imprisonment is the only way to coerce [the defendant]'s cooperation in answering discovery."  Edeh, 2011 U.S. Dist. LEXIS 118210, at *10-11.

The final factor concerns the willfulness of the contemnor in disregarding the Court's Orders.  In the present case, the record demonstrates that Defendant, through its owner, Mr. Stanley, has been personally served with each of the relevant motions and orders.  Moreover, the record demonstrates that Defendant has not filed a single written submission to the Court, nor made a single appearance, in the ten (10) months since Plaintiffs filed their Complaint.  Although

Mr. Stanley spoke by telephone with Plaintiff's counsel in advance of the January 10, 2013, hearing, the record unequivocally demonstrates that he nonetheless "continues to flout the Court's orders by refusing to comply." Id. at *11; see also Reed v. Durand, Civ. No. 10-4851 (PAM/SER), 2011 U.S. Dist. LEXIS 112048, at *2 (D. Minn. Sept. 16, 2011) (Rau, M.J.) (defendant's arrest ordered after he failed to appear for Show Cause Hearing).

### 4. Mr. Stanley's refusal to appear before the Court does not prevent the Court from imprisoning him for contempt.

"Civil contempt sanctions . . . are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Int'l Union United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994); Neiswonger, 580 F.3d at 774 (same). Defendant and Mr. Stanley had notice of Plaintiff's motion and of the Court's Amended Order to Show Cause, and they were provided an opportunity to be heard at the January 10, 2013, hearing. That they did not avail themselves of that opportunity does not divest this Court of its authority to hold them in contempt, and to imprison Mr. Stanley in order to coerce his compliance with Court Orders.

Based on the foregoing analysis, the Court concludes that the imprisonment of Mr. Stanley is the appropriate sanction for Defendant's contempt.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant A&A Stanley Construction, Inc., and its owner, Mr. Aaron Stanley, be found in contempt of court; and

2. Mr. Aaron Stanley be imprisoned until he complies with this Court's Order of October 31, 2012, [Docket No. 28].

Dated: February 13, 2013
s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 27, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.