UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Reed, et al.,

        Plaintiffs,                        Court File No. 12-cv-869 (MJD/LIB)

v.

**REPORT AND RECOMMENDATION**

A&A Stanley Construction, Inc.,

        Defendant.

This matter came before the Court upon Plaintiffs' Motion for an Order to Show Cause, [Docket No. 71], and upon the Court's Order to Show Cause, [Docket No. 76]. A hearing on the motion and the Court's Order was held on October 9, 2014. For the reasons discussed below, the Court recommends that Defendant be found in contempt and that its owner Aaron Stanley be arrested immediately by the United States Marshal and detained until he purges the contempt by complying with the Court's Order of July 23, 2014, [Docket No. 69], which compels Aaron Stanley's attendance at a deposition scheduled by Plaintiffs.

### I.    BACKGROUND

Plaintiffs brought this suit under the Employee Retirement Income Security Act, alleging that Defendant A&A Stanley Construction, Inc. ("Defendant"), failed to properly make benefit contribution payments. (See generally Compl., [Docket No. 1]). Defendant failed to respond to the Complaint. (Order of July 13, 2013, [Docket No. 17], ¶ 3). On July 13, 2012, the District Court granted a motion for default judgment in the amount of $108,805.95 against Defendant, including the amount of the underpayment ($84,876.67), double interest ($22,584.88), and attorneys' fees and costs ($1,344.40). (Id. at 7-8, ¶¶ 2, 5-6). Judgment was entered accordingly.

(J. [Docket No. 18]).   Defendant has not satisfied the judgment, either in full or in part. (Aff. Lawrie [Docket No. 65] at 2, ¶ 3).

Since the entry of judgment, Plaintiffs have been attempting to conduct post-judgment discovery to aid them in executing the judgment. (See Report and Recommendation, [Docket No. 45], 2-4; see also Pls.' Memorandum, [Docket No. 64], 2-3). The present motion arises out of Plaintiffs' efforts to depose Aaron Stanley, the Defendant's owner and authorized agent.  (See Aff. Lawrie, [Docket No. 65], at 2, ¶4).  On February 16, 2014, Plaintiff personally served Defendant with a Notice of Taking Deposition of A&A Stanley Construction, Inc., scheduled for April 2, 2014. (Id.).  No representative of Defendant appeared for the deposition nor did Defendant contact Plaintiffs to reschedule the Deposition. (Id. at ¶ 6).

On May 6, 2014, Plaintiffs moved the court for an order to compel Defendant to appear at a deposition, and for attorney's fees for the costs incurred in bringing the motion. (Pls.' Motion to Compel Attendance at a Deposition, [Docket No. 52]).  Defendant did not provide a written response to the motion, nor did a representative of Defendant appear at the hearing on the motion.  (Order of June 19, 2014, [Docket No. 61], 2).  On June 19, 2014, the Court issued an Order granting Plaintiffs' motion. (See Id. at 6).  In the June 19, 2014, Order, the Court directed Plaintiffs to personally serve Defendant with copies of the Order and a Notice of Deposition for a deposition scheduled to take place on July 24, 2014.  (Id. at 5).  The Court also ordered Aaron Stanley to appear and give testimony as a Rule 30(b)(6) witness on behalf of Defendant at that deposition.  (Id.). The Court also granted Plaintiffs' motion for attorneys' fees, ordering Defendant to pay Plaintiffs' attorneys' fees in the amount of $1,125.00.[1] (Id.).

---

[1] That amount reflected 7.5 hours of attorney time at a rate of $130 per hour, plus $150 for personal service of the motion on Defendant.  (Id.).

2

Plaintiffs, however, were unable to effect personal service on Defendant prior to July 24, 2014. (Order of July 23, 2014, [Docket No. 69], 2). The Court issued an amended Order on July 23, 2014, which, in pertinent part, extended the time to schedule and take the ordered Rule 30(b)(6) deposition to no later than September 15, 2014, and ordered Aaron Stanley to appear on behalf of Defendant at that deposition. (Id. at 2). Plaintiffs thereafter timely personally served Defendant with a Notice of Taking Deposition of A&A Stanley, setting a deposition date of August 28, 2014. (Aff. Lawrie, [Docket No. 73], ¶3). Neither Aaron Stanley nor any other representative of Defendant appeared at the August 28, 2014, deposition. (Id. at ¶ 4).

On September 2, 2014, Plaintiffs filed the present Motion for an Order to Show Cause, [Docket No. 71]). The Court granted the motion and issued the present Order to Show Cause, [Docket No. 76]), ordering Defendant and its owner, Aaron Stanley, to personally appear before the Court at a hearing scheduled on October 9, 2014, to show cause why an Order should not be entered adjudging Defendant and Aaron Stanley in civil contempt of this Court and to show cause why Aaron Stanley should not be committed to confinement until he complies with the Order of July 23, 2014. (Id.). Defendant was personally served with the motion documents, via Aaron Stanley, on September 16, 2014. (Aff. Of Service, [Docket No. 77]).

On October 9, 2014, the Court held a hearing on the present Motion for an Order to Show Cause, [Docket No. 71], and upon the Court's Order to Show Cause, [Docket No. 76]. Yet again, neither Defendant nor Aaron Stanley appeared at the hearing nor contacted the Court to indicate that they would not be able to appear.

II.   DISCUSSION

This Court has the authority to hold a party in contempt. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the

appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)) (internal quotation omitted).[2] "The court may hold a party violating a discovery order in contempt of court." Edeh v. Carruthers, Civ. No. 10-2860 (RJK/JSM), 2011 U.S. Dist. LEXIS 118210, at *6 (D. Minn. Sept. 20, 2011) (Mayeron, M.J.), adopted by 2011 U.S. Dist. Lexis 117054 (D. Minn. Oct. 11, 2011) (Kyle, J.). That contempt power "extends to non-parties who have notice of the Court's order and the responsibility to comply with it." Chicago Truck Drivers, 207 F.3d at 507 (holding court's orders were binding on the corporation's "sole shareholder, corporate officer and agent, even though the orders made no specific reference to him").[3]

"Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Chicago Truck Drivers, 207 F.3d at 505 ("Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both."). "Before a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). When imposing a coercive sanction, "the court has broad

---

[2] See also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("it is firmly established that the power to punish for contempt is inherent in *all courts*" (emphasis added; internal punctuation and citation omitted)).

[3] See also Wilson v. United States, 221 U.S. 361, 376 (1911) (a command to a corporation is in effect a command to those who are responsible for the conduct of its affairs, and if these persons fail to take appropriate action within their power for the performance of the corporate duty they may be punished for contempt); Bessette v. W.B. Conkey Co., 194 U.S. 324, 325 (1904) (a person, "not a party to the suit, [may be] guilty of contempt for violation of an order that the court, made in such suit, and imposing a fine for such contempt").

discretion to design a remedy that will bring about compliance." United States v. Open Access Tech. Int'l, Inc., 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (quoting Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys., 369 F.3d 645, 657 (2d Cir. 2004)). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers, 207 F.3d at 504 (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)).

Based upon the evidence in the record, the Court makes the following recommended findings of fact and conclusions of law.[4]

### A. Proposed Findings of Fact

The Court makes the following proposed findings of fact by clear and convincing evidence:

1. This Court's Order of July 23, 2014, [Docket No. 69], requiring Aaron Stanley, to appear on behalf of Defendant at a deposition scheduled by Plaintiffs to occur no later than September 15, 2014, is a reasonably specific court order. Defendant A&A Stanley Construction, Inc., had actual knowledge of the Court's Order of October of July 23, 2014. Despite the clear requirements of the Court's Order of July 23, 2014, Defendant has neither complied with that Order, nor demonstrated that it was unable to comply with the Order.

2. This Court's Order to Show Cause, [Docket No. 76], is a reasonably specific court order. Defendant A&A Stanley Construction, Inc., and its owner, Aaron Stanley, had actual knowledge of the Court's Order to Show Cause.  Despite the clear requirements of the

---

[4] To the extent that findings of fact may be considered conclusions of law, they will be deemed conclusions of law. Similarly, to the extent that matters expressed as conclusions of law may be considered findings of fact, they will be deemed findings of fact.

Court's Order to Show Cause, Defendant and Aaron Stanley neither complied with that Order nor demonstrated their inability to comply with the Order.

3. Prior monetary sanctions imposed by this Court have been ineffective in securing Defendant's compliance with the Court's orders.

**B. Proposed Conclusions of Law**

**1. Plaintiff has made the requisite showing for a contempt finding.**

In a civil contempt proceeding, the moving party has the burden of proving by clear and convincing evidence that the alleged contemnor has violated the Court's order. Chicago Truck Drivers, 207 F.3d at 505; Open Access Tech., 527 F. Supp. 2d at 912. "However, the moving party does not need to show that the violation of the Court's order was willful." Open Access Tech., 527 F. Supp. 2d at 912 (quoting Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005)).[5] In the present case, Plaintiffs have made the necessary showing.

**2. Defendant has not demonstrated an inability to comply with the Court's Orders.**

Because Plaintiffs have made the necessary showing, the burden now shifts to the Defendant to show inability to comply. Chicago Truck Drivers, 207 F.3d at 505; Open Access Tech., 527 F. Supp. 2d at 912. In the Eighth Circuit, a party claiming an inability to comply must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir. 2001); see also Chicago Truck Drivers, 207 F.3d at 506; Open Access Tech., 527 F. Supp. 2d at 912. In the present case, Defendant and its owner, Aaron Stanley, have made no appearance whatsoever in regard to the Court's discovery orders or the Order to Show Cause,

---

[5] The Court notes, however, that it can only conclude the violations of this Court's Orders in the present case were indeed willful based on the record now before the Court, and given the clear prior notice to Defendant and its owner, Aaron Stanley, of their obligation to comply with this Court's Orders.

6

and have presented no evidence to establish any of the factors considered in making an inability defense.

### 3. The appropriate sanction for Defendant's contempt is to imprison its owner, Aaron Stanley, until he complies with this Court's Orders.

When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Edeh, 2011 U.S. Dist. LEXIS 118210, at *9 (citing United Mine Workers, 330 U.S. at 303-04).

The first factor concerns the contemnor's continued defiance and the harm it causes the moving party. In the present case, the harm is monetary. As the Edeh court noted:

> Despite the judgment being entered, plaintiff has not received any payment toward that judgment. Simply put, [the defendant]'s refusal to respond to plaintiff's discovery regarding his financial situation is an obstacle to plaintiff's collection of the judgment. [The defendant] has never responded in any way to plaintiff's discovery, motions or this Court's orders. Holding [the defendant] in contempt is the only way to ensure that plaintiff obtains the post-judgment discovery to which he is entitled.

Edeh, 2011 U.S. Dist. LEXIS 118210, at *9.  In this case, as in Edeh, the Defendants' continued refusal to comply with this Court's Orders necessitates a contempt finding.

The second factor concerns whether the proposed contempt sanction is appropriate. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." Chicago Truck Drivers, 207 F.3d at 505.  In the present case, Plaintiffs have represented to the Court that their primary goal in bringing this motion is to coerce Defendant's compliance with the Court's judgment and

orders. The Court has broad discretion to impose a sanction that will coerce a party's compliance with court orders. Open Access Tech., 527 F. Supp. at 913.

In the present case, the Court has no reason to believe a further monetary sanction would be effective in coercing Defendant's compliance. Indeed, Defendant has demonstrated its unwillingness to comply with previous Orders of the Court absent the apparent sanction of incarceration. Soon after Plaintiffs obtained their judgment against Defendant, Plaintiffs sought an Order of the Court compelling Defendant to respond to their post-judgment written discovery requests. (See Pls.' Motion to Compel Post-Judgment Discovery Responses, [Docket No. 20]). Similar to the manner in which Defendant has conducted itself regarding the present deposition, Defendant neither responded to that prior motion for written discovery nor provided any argument why it should not have been compelled to respond to Plaintiffs' written discovery requests. (Order of October 31, 2012, [Docket No. 28], 3). The Court granted that motion and issued an Order on October 31, 2012, ordering Defendant to respond to Plaintiffs' discovery requests and pay to Plaintiffs a monetary sanction of attorneys' fees. (Id. at 3-4). Despite the Court's imposition of the monetary sanction, Defendant did not comply with this Court's Order of October 31, 2012. It was, in fact, not until an Order was issued on March 21, 2013, [Docket No. 48], directing that Aaron Stanley be incarcerated until he complied with the October 31, 2012 Order, [Docket No. 28], that Defendant complied in any manner with the October 31, 2012 Order. (See Order of May 13, 2013, [Docket No. 49]).

As such, it appears "imprisonment is the only effective sanction." Edeh, 2011 U.S. Dist. LEXIS 118210, at *9-10. Because Defendant, an incorporated business, cannot be imprisoned, the sanction is properly executed against Defendant's owner, Aaron Stanley. Chicago Truck Drivers, 207 F.3d at 507 (holding in ERISA case that court's payment orders were binding on the

8

corporation's "sole shareholder, corporate officer and agent, even though the orders made no specific reference to him").

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose. In the present case, the contemnor's financial situation is precisely the issue—the scheduled deposition seeks information about Defendant's financial resources, so that Plaintiffs may execute the judgment they won against Defendant. As to the second part of this factor, "[w]hile the sanction of imprisonment is undoubtedly burdensome for any civil contemnor, in this case imprisonment is the only way to coerce [the defendant]'s cooperation in answering discovery." Edeh, 2011 U.S. Dist. LEXIS 118210, at *10-11.

The final factor concerns the willfulness of the contemnor in disregarding the Court's Orders. In the present case, the record demonstrates that Defendant, through its owner, Aaron Stanley, has been personally served with each of the relevant motions and orders.  Moreover, the record demonstrates that Defendant has not filed a single written submission to the Court, nor made a single appearance, in the two (2) years and six (6) months since Plaintiffs filed their Complaint.  The record unequivocally demonstrates that Defendant and its owner Aaron Stanley "continue[] to flout the Court's orders by refusing to comply." Id. at *11; see also Reed v. Durand, Civ. No. 10-4851 (PAM/SER), 2011 U.S. Dist. LEXIS 112048, at *2 (D. Minn. Sept. 16, 2011) (Rau, M.J.) (defendant's arrest ordered after he failed to appear for Show Cause Hearing).

### 4. Aaron Stanley's refusal to appear before the Court does not prevent the Court from imprisoning him for contempt.

"Civil contempt sanctions . . . are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required."

Int'l Union United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994); Neiswonger, 580 F.3d at 774 (same). Defendant and Aaron Stanley had notice of Plaintiffs' motion and of the Court's Order to Show Cause, and were provided an opportunity to be heard at the October 9, 2014, hearing. That they did not avail themselves of that opportunity does not divest this Court of its authority to hold them in contempt, and to imprison Aaron Stanley, Defendant's owner, in order to coerce Defendant's compliance with Court Orders.

Based on the foregoing analysis, the Court concludes that the imprisonment of Aaron Stanley is the appropriate sanction for Defendant's contempt.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant A&A Stanley Construction, Inc., and its owner, Mr. Aaron Stanley, be found in contempt of court; and,

2. Mr. Aaron Stanley be imprisoned until he complies with this Court's Order of July 23, 2014, [Docket No. 69].


Dated: October 14, 2014                s/Leo I. Brisbois
                                       LEO I. BRISBOIS
                                       United States Magistrate Judge


### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 28, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation

does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.